WIEAND, Judge:
 

 The 220 Partnership (the partnership) filed a civil action by complaint in which it alleged that Philadelphia Electric Company (PECO) and its agent, Gregory Golazeski, Esquire, had interfered maliciously with certain rental contracts with tenants of the partnership. To the plaintiffs complaint the defendants filed preliminary objections in the nature of a demurrer. The defendants alleged therein that in separate proceedings, held in bankruptcy court, it had been determined factually that the partnership’s interest in the rental property had been divested by judicial sale prior to the alleged acts of interference. The trial court, believing it could take judicial notice of the findings of a federal bankruptcy court, sustained the preliminary objections and dismissed the complaint. The partnership appealed. We reverse.
 

 The allegations of the complaint are that the partnership owns in fee simple a twelve story office building located at 220 South 16th Street, Philadelphia, and leases space therein to various tenants. On or about October 22, 1992, PECO, through its agent, Gregory Golazeski, Esquire, threatened to terminate electric service at the office building. PECO also contacted the building’s tenants and advised them that the partnership had been delinquent in paying its electric bill and that electric service to the office building could be terminated. On July 27, 1993, PECO allegedly contacted the tenants again and advised them that the partnership was still delinquent in paying its bills and warned the tenants not to pay their monthly rent to the partnership or they would risk termination of electric service. The partnership alleged that PECO’s charges of delinquency had been incorrect and asserted that its outstanding bills had been paid in full. PECO’s actions, it was alleged, had left the tenants of the office
 
 *654
 
 building with a false impression regarding their ability to receive uninterrupted electric service and had caused several tenants either to terminate their lease agreements prematurely or to default on their rent. This tortious interference with contractual relations, it was alleged, had caused damages to the partnership.
 
 [1]
 

 In response to the partnership’s complaint, PECO filed preliminary objections in the nature of a demurrer in which PECO contested the partnership’s claim that it had been the owner of the downtown office building and referred to an order entered in the United States District Court for the Eastern District which had held that the partnership “owned no real estate” because the office building had been sold at Sheriffs Sale on July 6, 1992. Upon these allegations, the trial court granted PECO’s preliminary objections and dismissed the complaint. This appeal followed.
 

 When a defendant files preliminary objections in the nature of a demurrer, he necessarily admits as true all of the well-pleaded facts in the complaint, as well as any reasonable inferences to be drawn therefrom.
 
 Preiser v. Rosenzweig,
 
 418 Pa.Super. 341, 346, 614 A.2d 303, 305 (1992),
 
 aff'd,
 
 538 Pa. 139, 646 A.2d 1166 (1994);
 
 Wojciechowski v. Murray,
 
 345 Pa.Super. 138, 140, 497 A.2d 1342, 1343 (1985). A court should sustain preliminary objections in the nature of a demurrer only where it appears from the face of the complaint that recovery upon the facts alleged is not permitted as a matter of law.
 
 Chorba v. Davlisa Enterprises, Inc.,
 
 303 Pa.Super 497, 500, 450 A.2d 36, 38 (1982). Any doubt as to the legal sufficiency of the complaint should be resolved in favor of overruling the demurrer.
 
 Gekas v. Shapp,
 
 469 Pa. 1, 6, 364 A.2d 691, 693 (1976). When considering a demurrer “a court cannot consider matters collateral to the complaint but must limit itself to such matters as appear therein.”
 
 Coccia v. Coccia,
 
 285 Pa.Super. 259, 261-262, 427 A.2d 212, 213 (1981).
 

 
 *655
 
 “Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary, but should not be used to deprive an adverse party of the opportunity to disprove the fact.”
 
 Insurance Adjustment Bureau v. Insurance Commissioner,
 
 86 Pa.Commw. 491, 495, 485 A.2d 858, 860 (1984) (citations omitted). See also:
 
 Wells v. Pittsburgh Board of Public Education,
 
 31 Pa.Commw, 1, 5, 374 A.2d 1009, 1011 (1977). When considering preliminary objections in the nature of a demurrer, a court must severely restrict the principle of judicial notice, as the purpose of a demurrer is to challenge the legal basis for the complaint, not its factual truthfulness.
 
 Martin v. Commonwealth, Dept. of Transp.,
 
 124 Pa.Commw. 625, 630-631, 556 A.2d 969, 972 (1989). In
 
 Clouser v. Shamokin Packing Co.,
 
 240 Pa.Super. 268, 361 A.2d 836 (1976), the Superior Court held that the trial court should not have taken judicial notice of facts not alleged in the complaint and said:
 

 Although there does not seem to be any reason entirely to preclude a judge from taking judicial notice at the demurrer stage, the use of the doctrine should be severely limited: “In ruling on a demurrer, the judge must decide whether the complaint itself states a cause of action---- It has been argued, therefore, that judicial notice cannot be applied to the construction of a pleading and that, in ruling upon a demurrer, while the court must take as true every fact well pleaded, it must assume no others. This broad contention has been rejected as a basis for completely prohibiting the use of judicial notice in ruling upon a demurrer____ However, in light of the judge’s limited function in ruling on a demurrer, there appears to be cogent reasons for urging very limited use of judicial notice in this area. A court, in ruling on a demurrer, should refrain from noticing any fact which is not literally indisputable and which the parties could not reasonably raise in further pleadings or on argument at trial.” Comment,
 
 The Presently Expanding Concept of Judicial Notice,
 
 13 Vill.L.Rev. 528, 536-537 (1968).
 

 
 *656
 

 Id.
 
 at 275-276, 361 A.2d at 840-841. Therefore, review should be restricted to the facts alleged in the complaint, and a trial court should not take judicial notice of collateral facts.
 
 Chorba v. Davlisa Enterprises, Inc., supra
 
 303 Pa.Super. at 500, 450 A.2d at 38.
 

 “[A] court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court.”
 
 Naffah v. City Deposit Bank,
 
 339 Pa. 157, 160, 13 A.2d 63, 64 (1940). See also:
 
 Woolard v. Burton,
 
 345 Pa.Super. 366, 372-373, 498 A.2d 445, 448 (1985);
 
 Gulentz v. Schanno Transp., Inc.,
 
 355 Pa.Super. 302, 307, 513 A.2d 440, 443 (1986),
 
 allocatur denied,
 
 515 Pa. 580, 527 A.2d 541 (1987). It follows that unless the facts relied upon to establish it appear from the complaint itself, the defense of collateral estoppel may not be raised by preliminary objections. See:
 
 Naffah v. City Deposit Bank, supra; Steel v. Levy,
 
 282 Pa. 338, 342, 127 A. 766, 767 (1925). See also:
 
 Cattery v. Municipal Authority of Blythe Township,
 
 432 Pa. 307, 309, 243 A.2d 385, 386 (1968).
 

 The general rule against taking judicial notice when considering preliminary objections in the nature of a demurrer is subject to limited exceptions. It is appropriate for a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action. See:
 
 Gulentz v. Schanno Transp., Inc., supra
 
 355 Pa.Super. at 307, 513 A.2d at 443. See also:
 
 Kiely v. J.A. Cunningham Equip., Inc.,
 
 387 Pa. 598, 602, 128 A.2d 759, 760 (1957). In the instant action, however, appellant did not admit to any change in its ownership interest in its downtown office building, and appellant’s complaint does not detail any facts or issues pleaded before another court or incorporate by reference a prior action.
 

 It was error, therefore, for the trial court to dismiss appellant’s complaint in response to preliminary objections reciting facts found in a federal action to which appellant had been a party. The defense of collateral estoppel should have
 
 *657
 
 been raised in an answer on the merits. Cf. Pa.R.C.P. 1030 (res judicata). Thus, if there be any dispute as to the facts supporting such a defense, they can be raised and adjudicated in an appropriate manner in the litigation. The trial court should not, at the preliminary objection stage of this action, have accepted as true facts which were in direct conflict with the well pleaded facts of the complaint. Where material facts are in dispute, judicial notice may not be used to deny a party an opportunity to present contrary evidence. See:
 
 Wells v. Pittsburgh Board of Public Education, supra
 
 31 Pa.Commw. at 5, 374 A.2d at 1011.
 

 Reversed and remanded for further proceedings. Jurisdiction is not retained meanwhile.
 

 [1]
 

 . Whether the facts alleged in the complaint state a cause of action for . tortious interference with contractual relations is not before us, and with respect thereto we express no opinion.