J-S41029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD KAPUSCINSKI AND TG COOPER & CO. INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT M. CAVALIER, ESQUIRE, LUCAS AND CAVALIER, LLC, ARNOLD DRANOFF, ESQUIRE AND DRANOFF & PATRIZIO, P.C., | |
| Appellees | No. 1098 EDA 2015 |

Appeal from the Order Entered March 11, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): October Term, 2014 No. 2074

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 14, 2016**

In this action for legal malpractice, Edward Kapuscinski and TG Cooper & Co., Inc. appeal from the order entered March 11, 2015, which granted the preliminary objections in the nature of a demurrer filed by Robert M. Cavalier, Esq. and Lucas and Cavalier, LLC, as well as Arnold Dranoff, Esq., and Dranoff & Patrizio P.C. (collectively, the Attorneys).  We affirm.

We adopt the following statement of facts and procedural background:

This action arises out of the settlement of four underlying actions involving the sale of a property to George Graeber.  [Appellant Cooper] owned the property.  [Appellant] Kapuscinsky

---

[*] Former Justice specially assigned to the Superior Court.

assert[ed] he was the sole shareholder of [Cooper]. [The Attorneys] represented [Appellants] during a portion of the underlying actions.

In 2002, [Appellants] entered into a five-year lease agreement with Graeber. The agreement allowed Graeber to purchase the property at the end of the lease at fair market value. At the end of the lease, Graeber wanted to purchase the property, but the parties could not agree upon a sales price.

…

On August 23, 2007, Graeber initiated an action to compel the sale of the property under the terms of the agreement.

On November 1, 2007, [Appellants] initiated an action against Graeber alleging that the lease agreement was breached. In December 2007, this action was consolidated with the suit filed by Graeber. The docket reflects that [Appellee Cavalier] entered his appearance on behalf of [Appellants] in the underlying actions on January 30, 2008. In August 2008 [c]ross-motions for summary judgment were filed. On September 22, 2008, both motions for summary judgment were denied. On March 24, 2009, the consolidated matters were scheduled for a two[-]day[,] non-jury trial. On April 15, 2009, the [trial] court ordered [Appellants] to sell the property to Graeber. [Appellants] appealed the trial court's order. On January 12, 2010, the Superior Court granted a stay of the trial court's order. On March 18, 2011, the Superior Court vacated the trial court's order, dismissed the Graeber action because [Cooper] was not a party, and remanded the action for consideration of the claim by [Kapuscinski]. [*See Graeber v. Kapuscinski*, 26 A.3d 1197 (Pa. Super. 2011) (unpublished memorandum).]

On June 10, 2011, Graeber initiated a second action. The allegations in the second action were identical to those in the initial matter, but added [Cooper] as a defendant.

On October 13, 2011, [Appellants] commenced a second action against Graeber. The second action was based upon [an alleged] breach of contract.

On November 17, 2011, Graeber filed a motion to consolidate all four cases. On December 8, 2011, [Appellees Cavalier and

Lucas and Cavalier, LLC], on behalf of [Appellants], filed an answer in opposition to the motion to consolidate. In December 2011, all four actions were consolidated under a single docket number …. On March 12, 2012, [Appellee Dranoff] entered his appearance on behalf of [Appellants].

On October 15, 2012, the parties informed the [trial] court that the consolidated actions were settled by agreement prior to trial. On December 5, 2012, Graeber filed a motion to enforce settlement, which was granted. On January 7, 2013, Graeber filed a [p]etition for [c]ontempt. On January 30, 2013, after a hearing, the court entered a conditional order on the motion for contempt. On February 8, 2013, the court then scheduled a subsequent "further hearing" on the [p]etition for [c]ontempt.

On March 19, 2013, a hearing was held before the Honorable Patricia McInerney and the court issued an order dismissing the [p]etition for [c]ontempt as moot. At the hearing[,] Kapuscinksi acknowledged he understood a settlement was reached with respect to the sale of the property. Kapuscinski acknowledged he agreed to the sale of the property.

Trial Court Opinion, 12/10/2015, at 1-4 (citations to record omitted; some punctuation modified).

In October 2014, Appellants commenced this action. Thereafter, Appellants filed an amended complaint and, in January 2015, a second amended complaint asserting that the Attorneys failed to consult with them and, further, failed to obtain their consent with respect to the settlement in the underlying property dispute.

In January 2015, the Attorneys filed preliminary objections in the nature of a demurrer. In relevant part, the Attorneys objected that Appellants could not state a claim for legal malpractice based upon their dissatisfaction with the terms of a settlement absent proof of fraud, citing in

support *Muhammad v. Strassburger, McKenna, Messer, Shilobad and Gutnick*, 587 A.2d 1346 (Pa. 1991). *See* Cavalier's Preliminary Objections, 01/08/2015, at ¶ 58; Dranoff's Preliminary Objections, 01/22/2015, at ¶ 58. The trial court granted the Attorneys' preliminary objections and dismissed Appellants' second amended complaint with prejudice.

Appellants timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

In this appeal, Appellants contend that the trial court erred in sustaining the Attorneys' preliminary objections and dismissing their complaint with prejudice. According to Appellants, (1) their second amended complaint was sufficiently specific; (2) the Attorneys' failure to disclose the agreed upon terms of settlement was tantamount to fraud; (3) the Attorneys were negligent for failing to secure Appellants' consent to settle; and (4) the settlement court coerced Appellants into agreeing to settle the underlying property dispute. *See* Appellants' Brief at 3-4; 7-10.

Our standard of review is settled.

> [We must] determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be

- 4 -

unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Majorsky v. Douglas*, 58 A.3d 1250, 1268-69 (Pa. Super. 2013) (quoting

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011)).

In order to state a claim for legal malpractice, a plaintiff must demonstrate (1) employment of the attorney or other basis for a duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. *See Kituskie v. Corbman*, 714 A.2d 1027, 1029 (Pa. 1998). However, where a plaintiff alleges legal malpractice following a settlement agreement, public policy dictates that the plaintiff further allege fraud in the inducement:

> Simply stated, we will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement to which that plaintiff agreed, unless that plaintiff can show he was fraudulently induced to settle the original action. An action should not lie against an attorney for malpractice based on negligence and/or contract principles when that client has agreed to a settlement. Rather, only cases of fraud should be actionable.

*Muhammad*, 587 A.2d at 1348.

We need not address Appellants' arguments in detail. Here, Appellants' second amended complaint contains no allegation of fraud. Accordingly, Appellants' claim for legal malpractice is not actionable. *Id.*

Appellants suggest that the trial court should have inferred allegations of fraud based upon their averments that the Attorneys never informed them

of the terms of settlement and that Appellant Kapuscinski did not agree to those terms. This argument is without merit. Fraud must be averred with particularity. Pa.R.C.P. 1019(b). Here, Appellants failed to do so. ***See, e.g.***, ***Ellison v. Lopez***, 959 A.2d 395, 398 (Pa. Super. 2008) (setting forth the elements of fraud). Moreover, Appellants' suggestion that the underlying property dispute was settled without Appellant Kapuscinski's consent is belied by his clear admission to the contrary:

> THE COURT: Okay, Mr. Kapuscinski is present here in the courtroom and Mr. Graeber is present here in the courtroom. And you both – I should probably ask you individually. Mr. Kapuscinski, do you agree with this?
>
> MR. KAPUSCINSKI: Yes, ma'am.

Notes of Testimony (N.T.), 03/19/2013, at 93.[1]

Appellants also suggest that they were coerced *by the settlement court* into accepting a settlement. ***See*** Appellant's Brief at 10. Initially, we observe that Appellant's second amended complaint contains no allegation of coercion. ***See*** Second Amended Complaint. In addition, whether the trial

---

[1] Generally, when considering preliminary objections in the nature of a demurrer, a trial court "may not take judicial notice in one case of the records of another case." ***220 P'ship v. Phila. Elec. Co.***, 650 A.2d 1094, 1096 (Pa. Super. 1994). An exception has been recognized, however, for this Court has held that "[i]t is appropriate for a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action." ***Id.*** (citing ***Gulentz v. Schanno Transp., Inc.***, 513 A.2d 440, 443 (Pa. Super. 1986). Here, Appellants' second amended complaint incorporated the recorded settlement of the underlying property dispute. ***See*** Second Amended Complaint, 01/06/2015, at ¶ 46, 66.

court coerced a settlement is irrelevant to whether the Attorneys breached their duty to exercise ordinary skill and knowledge. For these reasons, Appellants' argument is devoid of merit.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2016