J-A09033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEAN COULTER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS FORREST AND DENNIS | : | |
| HOERNER | : | |
| | : | |
| Appellee | : | No. 779 MDA 2016 |

Appeal from the Order Entered April 14, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2013-CV-4721-CV

BEFORE:   GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 07, 2017**

Appellant, Jean Coulter, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which granted the motion of Appellees, Thomas Forrest and Dennis Hoerner, to dismiss Appellant's complaint.  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 11, 2007, Appellant entered a plea of *nolo contedere* in the Butler County Court of Common Pleas to aggravated assault of her minor daughter ("Victim").  The court sentenced Appellant on July 17, 2007, to fifteen (15) to thirty (30) months' incarceration, plus thirty-six (36) months' probation.  In January 2011, the Butler County Orphans' Court involuntarily terminated Appellant's parental rights to Victim, upon petition of Butler County Children and Youth Services.  While Appellant was on probation, Appellees were her

probation officers.

Following the Butler County proceedings, Appellant filed countless *pro se* actions against various individuals and entities involved in those proceedings, including Appellees, in Pennsylvania state and federal courts. In each matter Appellant filed against Appellees, she alleged, *inter alia*, Appellees improperly imposed on her special conditions of probation, including requiring her to undergo a mental health evaluation, and engaged in a criminal conspiracy to deprive Appellant of her constitutional rights. Appellant unsuccessfully litigated her actions against Appellees.

In this case, Appellant filed a complaint against Appellees in the Dauphin County Court of Common Pleas on June 3, 2013. On June 26, 2013, Appellees filed preliminary objections to Appellant's complaint. Appellant filed an amended complaint on July 15, 2013, and Appellees filed preliminary objections on August 1, 2013. In her amended complaint, Appellant challenged the special conditions of her Butler County probation, which Appellees purportedly imposed on her, and alleged Appellees violated her privacy rights. On August 20, 2015, the court issued notice of intent to terminate the case for inactivity per Pa.R.J.A. 1901. Appellant filed a "*praecipe* for administrative application for a status conference" on September 25, 2015. On December 8, 2015, Appellees filed a motion to dismiss Appellant's amended complaint, pursuant to Pa.R.C.P. 233.1.

In a separate matter that Appellant had instituted against different

defendants, the Allegheny County Court of Common Pleas entered an opinion and an order per Rule 233.1, dated December 17, 2015. In its order, the Allegheny County court enjoined Appellant from initiating a *pro se* action and filing a *pro se* pleading in any Pennsylvania state court that: (1) names as a defendant any individual or entity Appellant had previously named as a defendant in a state or federal court proceeding; and (2) asserts or alleges a cause of action or claim Appellant had previously asserted in a state or federal court proceeding. Under the order, Appellant must obtain written leave of court or file a bond before she institutes a *pro se* action. The order authorizes any Court of Common Pleas to dismiss Appellant's noncompliant actions per Rule 233.1 and impose sanctions on Appellant.

On April 14, 2016, the court in the present matter granted Appellees' motion and dismissed Appellant's Dauphin County amended complaint. Appellant filed on May 5, 2016, a single motion for reconsideration of the April 14th order and for recusal. The court declined to entertain and effectively denied Appellant's motion on May 9, 2016. On May 13, 2016, Appellant timely filed a notice of appeal from the court's April 14th order. The court ordered Appellant, on May 17, 2016, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely complied on June 3, 2016.

Appellant raises four issues for our review:

> IS [PA.R.C.P.] 233.1 UNCONSTITUTIONAL WITH RESPECT
> TO BOTH THE UNITED STATES CONSTITUTION AS WELL

- 3 -

AS THE PENNSYLVANIA CONSTITUTION, AS IT IS "UNCONSTITUTIONALLY VAGUE" AND EXCEEDS THE RULE-MAKING AUTHORITY OF THE PENNSYLVANIA SUPREME COURT?

DID THE TRIAL COURT [COMMIT AN] ERROR OF LAW AND ABUSE OF DISCRETION WHEN DISMISSING [APPELLANT'S COMPLAINT] UNDER [PA.R.C.P.] 233.1(D), AS THE TRIAL COURT'S PERSONAL RESEARCH NEVER UNCOVERED ANY PRIOR ORDER OF ANY COURT WHICH WAS VIOLATED BY APPELLANT IN THE INSTANT MANNER?

DID THE TRIAL COURT [COMMIT AN] ERROR OF LAW AND ABUSE OF DISCRETION WHEN DISMISSING [APPELLANT'S COMPLAINT] UNDER [PA.R.C.P.] 233.1(A), AS…APPELLEES FAILED TO PROVIDE SUPPORT FOR THEIR CLAIM THAT "RELATED" CLAIMS AGAINST "RELATED" DEFENDANTS WERE EVER "RESOLVED" IN ANY PRIOR MATTER[?]

DID THE TRIAL COURT COMMIT [AN] ERROR OF LAW AND ABUSE OF DISCRETION WHEN REFUSING TO RECUSE—EVEN WHEN REFUSING TO CONSIDER APPELLANT TIMELY FILED [A] MOTION FOR RECUSAL—BASED SOLELY ON [APPELLANT'S] FAILURE TO COMPLY WITH A LOCAL RULE WHICH IS CLEARLY INAPPLICABLE FOR MOTIONS FOR RECUSAL AND RECONSIDERATION?

(Appellant's Brief at 2-3).[1]

_____

[1] While this appeal was pending, a panel of this Court issued an opinion in another of Appellant's *pro se* matters. **See Coulter v. Lindsay**, 159 A.3d 947 (Pa.Super. 2017). In the opinion, the Court observed Appellant had initiated *pro se* at least 91 frivolous cases in this Court and the federal courts in Pennsylvania. **Id.** at 955. The Court *sua sponte* awarded the appellees attorney's fees for Appellant's repeated abuse of the judicial system. **Id.** The Court also enjoined Appellant from taking further *pro se* appeals in civil matters in this Court without leave of this Court. **Id.** at 956. While the injunction does not apply to the present appeal, which originated before the injunction, Appellant must now comply with this Court's mandate in **Coulter v. Lindsay**. We incorporate by reference the decision in **Coulter v. Lindsay** for purposes of enforcement.

Our scope and standard of review are as follows:

> To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting [a] "motion to dismiss," our standard of review is abuse of discretion.
>
> > Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

***Sigall v. Serrano***, 17 A.3d 946, 949 (Pa.Super. 2011) (internal citations omitted).

Pennsylvania Rule of Civil Procedure 233.1 provides:

> **Rule 233.1.  Frivolous Litigation.  *Pro Se* Plaintiff. Motion to Dismiss**
>
> (a)    Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> (1)    the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>
> (2)    these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> (b)    The court may stay the action while the motion is pending.
>
> (c)    Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related

- 5 -

defendants raising the same or related claims without leave of court.

(d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).

*Note:* A *pro se* party is not barred from raising counterclaims or claims against other parties in litigation that the *pro se* plaintiff did not institute.

(e) The provisions of this rule do not apply to actions under the rules of civil procedure governing family law actions.

Pa.R.C.P. 233.1.

In her first issue, Appellant argues our Supreme Court lacked authority to promulgate Rule 233.1. Appellant submits Rule 233.1 violates her substantive rights. Appellant avers Rule 233.1 is unconstitutionally void. Appellant contends what matters are "related" and "resolved" under Rule 233.1 is unclear. Appellant concludes that this Court should reverse the order dismissing her amended complaint and remand for further proceedings. We disagree.

"We review the constitutionality of a rule of civil procedure *de novo* and our scope of review is plenary." **Coulter v. Lindsay**, 159 A.3d 947, 952-53 (Pa.Super. 2017) (citing **Laudenberger v. Port Auth. of Allegheny Cty.**, 496 Pa. 52, 436 A.2d 147, 150-57 (1981)).

The Pennsylvania Constitution provides that our "Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts ...if such rules are consistent with this Constitution and neither abridge, enlarge[,] nor modify the substantive

rights of any litigant." Pa. Const. Art. IV, § 10(c). Our Supreme Court has held that when determining if a rule is substantive or procedural in nature, we must…seek to determine the purpose of the rule in order to properly characterize its nature.

*Coulter, supra* at 953 (some internal quotation marks and citations omitted). Those Rules of Civil Procedure, which have the fundamental goal of uncluttering the courts, are procedural in nature. *Laudenberger, supra* at 151. The Supreme Court of Pennsylvania is not "prevented from exercising its duty to resolve procedural questions merely because of a collateral effect on a substantive right." *Id.* at 155.

"The purpose behind Rule 233.1 is to ease congestion in the courts by eliminating frivolous *pro se* litigation. [T]hat purpose makes the rule procedural and not substantive. … Any effect upon [a litigant]'s substantive rights is collateral as Rule 233.1 preserves [a litigant]'s right to at least one prior substantive presentation of her claims." *Coulter, supra* at 953 (internal citations omitted).

As to whether a rule of civil procedure is vague:

A vague rule offends the United States and Pennsylvania constitutions' due process clauses if it "result[s] in arbitrary and discriminatory enforcement in the absence of explicit guidelines for [its] application[.]" *In re William L.*, 477 Pa. 322, 383 A.2d 1228, 1232 (1978).

*Id.* at 953. Rule 233.1 does not

mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be "related" to those in the prior action and

- 7 -

that those prior claims have been "resolved." Pa.R.C.P. 233.1(a). These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to be identical under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and resolved. The drafting committee's recourse to the word "resolved" in this context is equally significant. In the Rule's requirement that the matter ha[s] been resolved pursuant to a written settlement agreement or a court proceeding, the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding. It does not require, however, that the matter has progressed to a final judgment on the merits…nor does it require the identity of the quality or capacity in the persons for or against whom the claim is made….

**Gray v. Buonopane**, 53 A.3d 829, 836 (Pa. Super. 2012), *appeal denied*, 619 Pa. 716, 64 A.3d 632 (2013) (some internal quotation marks and citations omitted).

Rule 233.1 is not vague so as to result in arbitrary and discriminatory enforcement. To the contrary, Rule 233.1 provides very specific guidelines for when a trial court may dismiss a *pro se* complaint. First, the complaint must be related to, or the same, as a previously filed complaint by the plaintiff. … A complaint is related when it deals with the same subject matter as a previous complaint. Similarly, Rule 233.1's requirement that the previous litigation be "resolved" is not vague. A claim is resolved when there has been a definite decision thereon.

**Coulter, supra** at 953-54 (internal footnote and citation omitted).

Instantly, the purpose of Rule 233.1 is procedural. **See id**. To the extent Rule 233.1 affects a *pro se* litigant's substantive rights, the effect is

collateral. **Id.** Therefore, our Supreme Court had the authority to promulgate Rule 233.1. **See Laudenberger, supra**. Additionally, Rule 233.1 is not vague. **See Coulter, supra**. Specifically, the words "related" and "resolved" under Rule 233.1 are not nebulous. **See id.** Accordingly, Appellant's constitutionality claim merits no relief.

In her second and third issues combined, Appellant argues the trial court *sua sponte* took judicial notice of the Allegheny County Rule 233.1 order. Appellant contends the Allegheny County order did not apply to Appellant's current action, because she filed her Dauphin County complaint before the Allegheny County court entered its order. Appellant avers the claims she raised against Appellees in the present matter were not previously resolved. Appellant concludes this Court should reverse the order dismissing Appellant's amended complaint and remand for further proceedings. We disagree.

Pennsylvania Rule of Evidence 201(b) governs judicial notice of adjudicative facts, in pertinent part, as follows:

**Rule 201. Judicial Notice of Adjudicative Facts**

\* \* \*

**(b) Kinds of Facts That May Be Judicially Noticed.**
The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned.

**(c) Taking notice.** The court:

(1) may take judicial notice on its own…

\* \* \*

**(d) Timing.** The court may take judicial notice at any stage of the proceedings.

\* \* \*

Pa.R.E. 201(b), (c), (d). "[A] court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court." *220 Partnership v. Philadelphia Elec. Co.*, 650 A.2d 1094, 1097 (Pa.Super. 1994).

Instantly, the trial court reasoned as follows concerning its dismissal of Appellant's amended complaint under Rule 233.1:

> The Honorable John C. Reed entered an [Opinion and] Order [dated December 17, 2015,] in the Allegheny Court of Common Pleas that permanently bars [Appellant] from filing any *pro se* civil action in any Court of Common Pleas in Pennsylvania unless she meets certain conditions. Appellant is further barred from filing any *pro se* pleadings in any state court that names as a defendant any person that she had previously named as a defendant. Finally, it was ordered that all [j]udges of any Court of Common Pleas in Pennsylvania may enforce the provisions of this Order, including dismissing actions pursuant to Pa.R.C.P. 233.1(a) and imposing sanctions. Judge Reed sent this Opinion and Order to Dauphin County Court of Common Pleas President Judge Richard A. Lewis, who provided it to the undersigned for review.

\* \* \*

[A]ppellant has a long history of filing vexatious and spurious *pro se* litigation against various individuals and organizations, including Appellees. All of Appellant's prior lawsuits have been dismissed or quashed by the respective courts, and, when appealed, the appellate courts have either affirmed the decisions of the trial courts, or quashed the appeals. After examining this history of vexatious litigation, Judge Reed entered an Order pursuant to Pa.R.C.P. 233.1(c) dismissing Appellant's claims and barring Appellant from pursuing additional *pro se* litigation against the same or related Appellees raising the same or related claims without leave of court. Thus, pursuant to Pa.R.C.P. 233.1(d), this [c]ourt could *sua sponte* dismiss the above-captioned action.

However, a *sua sponte* dismissal was not necessary because Appellees filed a Motion to Dismiss pursuant to Pa.R.C.P. 233.1(a). Upon review of the Complaint in this matter and Judge Reed's lengthy opinion that set forth a thorough history of Appellant's claims against various defendants, including Appellees, it was clear to this [c]ourt that Appellant, in the instant litigation, is raising similar claims against Appellees that have already been dismissed in prior litigation. As such, a dismissal under Pa.R.C.P. 233.1(a) was proper….

(Trial Court Opinion, filed June 30, 2016, at 1-4) (citations to record omitted). The record supports the court's decision.

Here, the trial court did not take judicial notice of the Allegheny County order or use that order as dispositive. Rather, the court reviewed Judge Reed's recitation of Appellant's litigious history for background information on actions Appellant had previously initiated against Appellees and related defendants. Significantly, Appellees established in their Rule 233.1 motion to dismiss that Appellant had filed several *pro se* actions in both federal and state courts against Appellees in which Appellant challenged

- 11 -

the special conditions of her probation and claimed Appellees violated her constitutional rights. Each court in those prior cases denied Appellant relief. Therefore, Appellees demonstrated Appellant's claims against them were related to claims that: (1) Appellant had raised *pro se* in a prior action against Appellees or related defendants; and (2) were previously resolved in a court proceeding. **See** Pa.R.C.P. 233.1(a), **supra**. Therefore, the trial court properly dismissed Appellant's amended complaint per Rule 233.1(a). Accordingly, Appellant's second and third issues merit no relief.

In her last issue, Appellant argues the trial court failed to consider her motion for recusal because the motion did not comply with a local rule. Appellant avers the court's refusal to consider her motion to recuse is an abuse of discretion *per se*. Appellant concludes this Court should reverse the order denying her motion for recusal, transfer the case to a different county, and remand for further proceedings. We disagree.

Preliminarily, "appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007) (citing Pa.R.A.P. 2101). Rule 2119(a) provides:

**Rule 2119. Argument**

> **(a)  General rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly:

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities.  This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.  Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013).  Where an appellant fails to raise or develop her issues on appeal properly, or where her brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised on appeal.  *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to explain cogently or even tenuously assert how trial court abused its discretion or made error of law).  *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate*

*of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide review is hampered, necessitating waiver on appeal); ***Commonwealth v. Knox***, 50 A.3d 732 (Pa.Super. 2012), *appeal denied*, 620 Pa. 721, 69 A.3d 601 (2013) (reiterating failure to cite to legal authority to support argument results in waiver).

Instantly, Appellant presents in her brief no cogent argument or citations to relevant authority in support of her claim regarding the court's denial of her motion to recuse. Specifically, Appellant fails to cite or quote the Dauphin County Local Rule she claims the court improperly applied. Appellant does not cite or quote authority for the proposition that the court abused its discretion *per se* when it declined to consider her motion for recusal. Rather, Appellant cites federal case law providing a court abuses its discretion when it fails to consider evidence in support of a party's argument. Therefore, Appellant's argument falls short of the requisite standards. ***See*** Pa.R.A.P. 2119(a), ***supra***; ***Estate of Whitley, supra***. Appellant's failure to present a cogent argument and cite relevant authority in support of her fourth issue constitutes waiver. ***See id.***

Nevertheless, even if Appellant had properly preserved her fourth issue for our review, she would not be entitled to relief. "[A] party to an action has the right to request the recusal of a jurist where that party has a

reason to question the impartiality of the court." ***Goodheart v. Casey***, 523 Pa. 188, 198, 565 A.2d 757, 762 (1989). "Recusal is required wherever there is substantial doubt as to the jurist's ability to preside impartially." ***In Interest of McFall***, 533 Pa. 24, 35, 617 A.2d 707, 713 (1992). "[A] judge's behavior is not required to rise to a level of actual prejudice, but the appearance of impropriety is sufficient." ***Id.*** at 34, 617 A.2d at 712.

> It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment is personal, unreviewable, and final. Where a jurist rules that he…can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion. The party requesting recusal bears the burden of producing evidence that establishes bias, prejudice, or unfairness. This evidence must raise a substantial doubt as to the jurist's ability to preside impartially.

***In re Bridgeport Fire Litigation***, 5 A.3d 1250, 1254 (Pa.Super. 2010) (internal citations omitted). "Adverse rulings alone do not…establish the requisite bias warranting recusal…." ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 508, 720 A.2d 79, 90 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999).

Instantly, in her motion for recusal, Appellant asserted, *inter alia*, the trial court was not impartial, because the court considered the Allegheny County Rule 233.1 order when it dismissed her amended complaint. Absent more, however, the trial court's decision to dismiss does not raise substantial doubt as to the court's impartiality. ***See In Interest of McFall, supra***. The court properly dismissed Appellant's amended complaint under

Rule 233.1, based on Appellee's motion which included Appellant's history of vexatious litigation against Appellees. ***See Abu-Jamal, supra***. Appellant failed to meet her burden to establish bias in the court's decision. ***See In re Bridgeport Fire Litigation***. Therefore, even if Appellant had properly preserved her claim for our review, her fourth issue would merit no relief. Accordingly, we affirm the order dismissing Appellant's amended complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017