J-S85028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| BRUCE L. WISHNEFSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAWAD A. SALAMEH M.D. | : | No. 983 WDA 2017 |

Appeal from the Order June 16, 2017
In the Court of Common Pleas of Somerset County
Civil Division at No(s): 654 Civil 2016

BEFORE: BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J. **FILED JUNE 20, 2018**

Bruce Wishnefsky appeals *pro se* from the order sustaining Jawad A. Salameh's preliminary objections to his medical malpractice complaint. Wishnefsky, currently serving a 45 to 90 year sentence of imprisonment for sexually abusing two children, asserts that Dr. Salameh, in his role as a medical director of the prison where Wishnefsky resides, improperly refused to approve Wishnefsky's request to consult with a urologist. Wishnefsky claims this breach of duty has caused him depression and a worsening of his urinary functioning.

Wishnefsky entered default judgment against Dr. Salameh after the doctor failed to file a timely answer. Upon receiving notice of the default judgment, Dr. Salameh moved to open the default judgment. At the same

time, Dr. Salameh filed preliminary objections to Wishnefsky's complaint, arguing that the claims in the complaint had already been litigated.

The court opened the judgment, and received argument from the parties on various cross-petitions filed by them. Ultimately, the court concluded *res judicata* applied and sustained the preliminary objections. We conclude the record was insufficient to establish *res judicata* at the preliminary objection phase. We therefore vacate in part, affirm in part, and remand for further proceedings.

Wishnefsky first argues the court should have struck Dr. Salameh's petition to open the judgment, as the petition did not conform with the Rules of Civil Procedure. While we agree with Wishnefsky that Dr. Salameh's petition is unusual in its form, we conclude that it fulfills the basic necessities envisioned by the rules.

Dr. Salameh's petition takes the form of a short, one paragraph statement of its desired relief that incorporates the assertions and arguments contained in attached documents. The first attached document is Dr. Salameh's brief in support of his petition. Also attached is an affidavit signed by Dr. Salameh asserting the factual grounds he believed justified opening the default judgment.

While this format is not ideal, in that it does not provide explicit paragraphing to allow the responding party to file a direct answer denying specific paragraphs in the petition, we find Wishnefsky was not prejudiced by

this procedure.[1] The court did not find that Wishnefsky had admitted any relevant facts through a failure to properly deny the allegations in Dr. Salameh's petition. Rather, the court found the facts of record supported Dr. Salameh's petition, and granted relief.

Next, Wishnefsky contends the court erred in concluding Dr. Salameh's petition established grounds for opening the default judgment. Wishnefsky focuses on an ambiguity regarding the date Dr. Salameh forwarded the complaint to his attorney. We agree with the trial court's conclusion that this ambiguity is ultimately irrelevant.

"A petition to open judgment is an appeal to the equitable powers of the court. **See PNC Bank v. Kerr**, 802 A.2d 634, 638 (Pa. Super. 2002) (citation omitted). As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion. A "petition to open rests within the discretion of the trial court, and may be granted if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." **PNC Bank, N.A. v. Bluestream Technology, Inc.**, 14 A.3d 831, 836 (Pa.Super. 2010) (citation omitted).

---

[1] Similarly, we conclude Wishnefsky has failed to establish he suffered prejudice from Dr. Salameh's failure to attach a blank Rule to Show Cause to his petition, or the court's failure to issue a Rule returnable upon Wishnefsky.

Wishnefsky's argument centers on the second prong of the test: whether Dr. Salameh has provided an acceptable excuse for his failure to file a timely responsive pleading to the complaint. "[W]hether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." *Kelly v. Siuma*, 34 A.3d 86, 93 (Pa. Super. 2011) (brackets in original); (citations and internal quotation marks omitted). "[W]here the failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened." *Flynn v. America West Airlines*, 742 A.2d 695, 699 (Pa. Super. 1999) (citations omitted).

In his affidavit, Dr. Salameh asserted he was served with Wishnefsky's complaint on January 13, 2017. He "thereafter" provided a copy of the complaint to the Department of Corrections and his employer, who contracts with the Department. He did not receive any notice of Wishnefsky's intent to enter a default judgment, but received the notice, sent by the court, indicating that Wishnefsky entered default judgment in late February 2017. Docket entries reveal the notice of entry of the default judgment was mailed to Dr. Salameh on February 24, 2017. He filed his petition to open the default judgment on March 22, 2017.

The court found Dr. Salameh's prompt filing of the motion to open, coupled with his allegation that he did not receive any notice of Wishnefsky's intent to take a default judgment under Pa.R.C.P. 237.1(a)(2), was sufficient

to establish that Dr. Salameh's failure to respond to the complaint was unintentional. These findings have support in the record, and neither relies upon the specific date Dr. Salameh forwarded the complaint to his employer. As such, we cannot conclude the court abused its discretion in concluding Dr. Salameh had a reasonable explanation for his failure to respond.

In his third issue, Wishnefsky contends the court erred in sustaining the preliminary objections while his motion to strike a judgment of *non pros* was pending. Dr. Salameh concedes that the court mistakenly entered a judgment of *non pros* while the preliminary objections were pending. **See** Appellee's Brief, at 7 n.2 ("Defendant concedes that the Non Pros otherwise entered on June 8 was premature.") Therefore, upon remand, the court is to vacate the *non pros*.

In his pivotal fourth issue, Wishnefsky argues the court erred in addressing the issue of *res judicata* at the preliminary objection stage of the proceeding. Generally, *res judicata* is considered an affirmative defense, and therefore must be raised in a responsive pleading under the header "New Matter." **See** Pa.R.C.P. 1030(a). Where, however, the complaint itself sets forth the essential facts and issues litigated in the prior suit the issue should be decided by preliminary objection. **See Del Turco v. Peoples Home Savings Association**, 478 A.2d 456, 461 (Pa. Super. 1984).

The court, in sustaining the preliminary objections, noted that it compared the present complaint with the "[c]omplaint in [Wishnefsky's] 2015

[f]ederal action," and found "there's no difference to the facts or allegations raised[.]" N.T., Argument, 6/15/17, at 8. The federal complaint was not attached to Wishnefsky's complaint;[2] it is attached as an exhibit to Dr. Salameh's preliminary objections.

Dr. Salameh argues the court was permitted to take judicial notice of documents filed in other courts, citing to precedent from the Commonwealth Court.[3] However, Dr. Salameh concedes this Court has held that judicial notice of records of another case is not appropriate at the preliminary objection stage. **See** Appellee's Brief, at 22 (citing **220 Partnership v. Philadelphia Electric Co.**, 650 A.2d 1094, 1096 (Pa. Super. 1994)).

We need not resolve this tension here. Even assuming the court was permitted to take judicial notice of documents filed in the federal case and attached to Dr. Salameh's preliminary objections, we conclude that Wishnefsky's federal case involved a different theory of liability.

A review of the federal complaint attached to Dr. Salameh's preliminary objection reveals that many of the operative facts are shared with the current complaint. Importantly, however, it also reveals Wishnefsky raised five

---

[2] Nor do we find the federal complaint at issue referenced in Wishnefsky's complaint. There are references to a previous federal complaint, filed in 2008.

[3] "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." **Petow v. Warehime**, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (citation omitted).

claims: deliberate indifference, retaliation, two counts of Americans with Disabilities Act violations, and a due process violation. Deliberate indifference is the only claim that bears any legal resemblance to Wishnefsky's current medical malpractice claim.

In a report and recommendation attached to Dr. Salameh's preliminary objections, Federal Magistrate Judge Lisa Pupo Lenihan addressed Wishnefsky's claim as follows:

> However, Plaintiff does allege that as a result of Dr. Salameh's refusal to approve a consult with an urologist, he has suffered from depression as well as deterioration of his urinary functioning. The Supreme Court is unequivocal that an inadvertent failure to provide adequate medical care does not constitute "an unnecessary and wanton infliction of pain," and that in order to sate a cognizable claim of deliberate indifference, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Mere allegations of malpractice* or disagreement as to proper medical treatment of a prisoner *do not support a claim of an Eighth Amendment violation*.

***Wishnefsky v. Salameh, M.D.***, No. 3:15-cv-00148 (W.D. Pa. November 18, 2016) (Magistrate's Report and Recommendation) (citations omitted); (emphasis supplied). The court adopted this report by order dated December 16, 2016, which is also attached to Dr. Salameh's preliminary objections.

Thus, it is clear that Wishnefsky's state law medical malpractice claim is based upon facts that are at the base of his federal deliberate indifference claim. However, these claims are legally distinct from each other, and involve different standards of proof regarding Dr. Salameh's mental state when he refused to refer Wishnefsky for a urological consult.

It may be the case that Wishnefsky had the opportunity to present his state law medical malpractice claim in federal court alongside his deliberate indifference claim. If so, *res judicata* may still apply. However, this is not clear from the record before us.[4] We are therefore constrained to vacate and remand for further proceedings.

Order affirmed in part and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2018

---

[4] Wishnefsky claims the federal court refused to exercise supplementary jurisdiction over his state law claims. The record before us provides no basis upon which to assess this claim.