J-A08022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NORTHWEST BANK, SUCCESSOR TO UNION COMMUNITY BANK, SUCCESSOR TO UNION NATIONAL COMMUNITY BANK | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1330 EDA 2023 |
| LARRY L. WISSER AND CATHLEEN R. WISSER | : : : | |
| Appellants | : | |

Appeal from the Order Entered April 20, 2023
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2016-C-2244

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                          **FILED MAY 29, 2024**

Appellants, Larry L. Wisser and Cathleen R. Wisser (hereinafter "Cathleen"), appeal from the order entered on April 20, 2023, denying their petition to set aside the sheriff's sale of three properties in Lehigh County, Pennsylvania.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  Appellants owned three parcels of property in New Tripoli, Pennsylvania.  On December 17, 2021, the properties were sold at sheriff's sale for a combined total of $715,000.00.  On February 10, 2022, Appellants filed a petition to set aside the sheriff's sale, arguing the sales price was grossly inadequate.  After several postponements, the trial court held hearings on March 27, 2023 and April 18, 2023.  Cathleen testified that the fair market

value of the three combined parcels was $2,000,000.00 "because it is the largest farm in the neighborhood."  *See* Trial Court Opinion, 4/20/2023, at 2. Northwest Bank, as successor to Union Community Bank and Union National Community Bank (hereinafter "Northwest Bank") presented certified copies of the official forms from the U.S. Bankruptcy Court in the Eastern District of Pennsylvania, wherein Appellants declared, in their 2020 bankruptcy petition, that the combined value of the properties was $1,000,000.00.   By opinion and order entered on April 20, 2023, the trial court denied Appellants relief. This timely appeal resulted.[1]

On appeal, Appellants present the following issue for our review:

Whether the trial court committed an error of law, or abused its discretion, when it denied and dismissed the[ir] petition [] to set aside the sheriff's sale [held on] December 17, 2021, concluding that the property was not sold for a "grossly inadequate price" at the sheriff's sale?

Appellants' Brief at 4 (complete capitalization and lettering omitted).

Appellants contend that the trial court committed an error of law or abused its discretion when it "made two material and erroneous evidentiary rulings" before rendering its decision.  *Id.* at 7.  First, Appellants contend that the trial court erred by determining Cathleen's testimony was not credible in light of the trial court's failure to admit documents into evidence as offered by

---

[1]   Appellants filed a timely notice of appeal on May 18, 2023.  On June 21, 2023, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a), relying upon its earlier opinion entered on April 20, 2023.

Appellants.  *Id.* at 12.  Appellants explain that they offered, but the trial court failed to admit,

> records from the Lehigh County [Property] Assessment Office ("Assessment Office") obtained by [Appellants, which] contained information for certain other farms located near the [subject properties], providing the size[s] of the farm[s], [their assessed values], the purchase price[s] paid for [them], when [they were] purchased, the owners and location[s of the farms], and most importantly, the fair market value[s] as determined by the Assessment Office.  The purpose of these documents was to support [Cathleen's] testimony that the [total] value of the [p]roperty is $2,000,000.00, as she testified to during the March 27, 2023.
>
> In its wisdom, the trial court concluded that [Appellants] could not authenticate the documents, but only someone from the Assessment Office could[.  Appellants] take issue with this finding.

*Id.* at 12-13.   In conjunction with this claim, Appellants additionally assert that "[t]he trial court also failed to take judicial notice of the Assessment Office records, presumably because the contents of said records are subject to reasonable dispute …but, that goes to the weight of the evidence contained in those documents" rather than admissibility.  *Id.* at 14-15.  Appellants contend that "the only evidence to contradict" Cathleen's testimony was the bankruptcy document Appellants filed in 2020, entered into evidence by Northwest Bank.  *Id.* at 16.  Ultimately, Appellants argue that the fair market value of the properties at issue was $2,000,000.00, the sheriff sale garnered $715,000.00, that made the sale price-to-value ratio 35.75%, which, therefore, was "grossly inadequate" and requires the sheriff sale to be set aside.  *Id.* at 19-20.

We have previously determined:

Admission of evidence is within the sound discretion of the trial court and we review the trial court's determinations regarding the admissibility of evidence for an abuse of discretion. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. For evidence to be admissible, it must be competent and relevant. Evidence is competent if it is material to the issue to be determined at trial. Evidence is relevant if it tends to prove or disprove a material fact. Relevant evidence is admissible if its probative value outweighs its prejudicial impact. The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion.

Pursuant to Rule of Evidence 402, relevant evidence is generally admissible, and irrelevant evidence is inadmissible. Further, relevant evidence may be excluded if its probative value is outweighed by its potential for unfair prejudice, defined as a tendency to suggest decision on an improper basis or to divert the [factfinder's] attention away from [the] duty of weighing the evidence impartially.

*Czimmer v. Janssen Pharms., Inc.*, 122 A.3d 1043, 1058 (Pa. Super. 2015) (citation and original brackets omitted).

Moreover, the following rules of evidence are applicable to the issue of authentication raised by Appellants. "Unless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Pursuant to Pennsylvania Rule of Evidence 902, some documents are self-authenticating:

**Rule 902. Evidence That is Self-Authenticating**

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

**(1) Domestic Public Documents That Are Sealed and Signed.** A document that bears:

(A) a seal purporting to be that of the United States; any state, district, commonwealth, ... a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

(B) a signature purporting to be an execution or attestation.

(2) **Domestic Public Documents That Are Not Sealed But Are Signed and Certified.** A document that bears no seal if:

(A) it bears the signature of an officer or employee of an entity named in Rule 902(1)(A); and

(B) another public officer who has a seal and official duties within that same entity certifies under seal—or its equivalent—that the signer has the official capacity and that the signature is genuine.

\*    \*    \*

(4) **Certified Copies of Public Records.** A copy of an official record—or a copy of a document that was recorded or filed in a public office as authorized by law—if the copy is certified as correct by:

(A) the custodian or another person authorized to make the certification; or

(B) a certificate that complies with Rule 902(1), (2), or (3), a statute or a rule prescribed by the Supreme Court.

A certificate required by paragraph (4)(B) may include a handwritten signature, a copy of a handwritten signature, a computer generated signature, or a signature created, transmitted, received, or stored by electronic means, by the signer or by someone with the signer's authorization. A seal may, but need not, be raised.

Pa.R.E. 902(1), (2), and (4).

Here, Appellants sought to introduce photocopies of documents from the

Lehigh County Property Assessment Office into evidence and asked that the

trial court take judicial notice of them. N.T., 3/27/2023, at 17 and 28-30. Northwest Bank argued that the documents were "not official documents" because there was no indicia that the documents were certified as official records. *Id.* at 29-30. The trial court did not admit the documents into the record and held them in abeyance until the parties briefed the issue of admissibility. *Id.* at 34. Thereafter, Northwest Bank introduced Appellants' 2020 bankruptcy document into the record. N.T., 3/27/2023, at 67. The document was certified, attested to by the Deputy Clerk of the United States Bankruptcy Court, and contained a raised seal. *Id.* at 67-68. As such, the trial court admitted the document into evidence. *Id.* at 69. Following briefing by both parties and argument on April 18, 2023, the trial court determined that Appellants "offered no testimony to authenticate the [assessment] documents" and that Appellants' proffered exhibits were "not self-authenticating … because they neither [bore] a seal or a signature of an employee of the Commonwealth of Pennsylvania[.]" N.T., 4/18/2023, at 10. The trial court further opined that "the information contained within [Appellants'] proposed exhibits could be subject to dispute [and] not generally known throughout Lehigh County[.]" *Id.* at 11. As such, the trial court determined that it would be an abuse of discretion to take "judicial notice of unauthenticated photocopies of [potentially] disputed documents." *Id.* at 13.

Upon review of the record and applicable law, we agree with the trial court's evidentiary rulings. First, the trial court properly admitted Northwest Bank's exhibit pertaining to Appellants' 2020 bankruptcy. The document was

certified, attested to by the custodian of the record, and contained a raised seal. Accordingly, pursuant to Rule 902(4), the certified copy of the public bankruptcy document was self-authenticating and, thus, properly admitted. The assessment documents of similarly situated properties proffered by Appellants were mere photocopies, were not certified, and not attested to by the custodian of those records. As such, the trial court properly excluded those documents from trial.

Moreover, the trial court properly declined to take judicial notice of the documents Appellants purportedly obtained from the Lehigh County Property Assessment Office. "The court may judicially notice a fact that is not subject to reasonable dispute [when] it … is generally known within the trial court's territorial jurisdiction [] or [] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201. This Court has stated:

> A court may take judicial notice of an indisputable adjudicative fact. A fact is indisputable if it is so well established as to be a matter of common knowledge. Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary.
>
> Judicial notice allows the trial court to accept into evidence indisputable facts to avoid the formality of introducing evidence to prove an incontestable issue. However, the facts must be of a matter of common knowledge and derived from reliable sources whose accuracy cannot reasonably be questioned.

*Kinley v. Bierly*, 876 A.2d 419, 421 (Pa. Super. 2005) (internal citations and quotations omitted). "Where material facts are in dispute, judicial notice may

not be used to deny a party an opportunity to present contrary evidence." ***220 Partnership v. Philadelphia Elec. Co.***, 650 A.2d 1094, 1097 (Pa. Super. 1994).

Here, the property assessments for other similarly situated properties were not indisputable or common knowledge and, further, Appellants could not use judicial notice of the property assessments to deny Northwest Bank the opportunity to present contrary evidence. Accordingly, the trial court properly prohibited Appellants' proffered evidence from trial. Therefore, the only evidence regarding the fair market value of the properties at issue was Cathleen's testimony that Appellants' property was worth $2,000,000.00 and the bankruptcy petition showing Appellants previously valued the properties at issue at $1,000,000.00 in 2020. "The finder of fact is entitled to weigh the evidence presented and assess its credibility" and "is free to believe all, part, or none of the evidence and we as an appellate court will not disturb the credibility determinations of the court below." ***Sitler v. Jones***, 2024 WL 927429 (Pa. Super. 2024) (citations omitted). In this case, the trial court did not find Cathleen's testimony credible in light of the bankruptcy petition showing that Appellants' valued the properties at $1,000,000.00 in 2020. Trial Court Opinion, 4/20/2023, at 3-4. The record supports the trial court's decision and we will not disturb its credibility determinations.

In turn, the trial court concluded:

[t]he purchase price for the [s]ubject [p]roperties at the [s]heriff's sale was $715,000.00. That sum represents 71% of the [s]ubject [p]roperties' combined value of $1,000,000.00 as agreed to by

- 8 -

[Appellants] in their 2020 bankruptcy petition. On this record, the purchase price of the [s]ubject [p]roperties at the [s]heriff's sale represented the best price obtainable which [Appellants] have failed to rebut with clear and convincing evidence.

*Id.* at 3 (case citation omitted).

An application to rescind a sheriff's sale of real property based upon gross inadequacy of the sales price invokes the equitable powers of the court. In past cases, we have stated:

As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence.

An abuse of discretion occurs where, for example, the trial court misapplies the law.

\* \* \*

The following governs our inquiry as to the gross inadequacy of the sale price:

Where a sale is challenged based upon the adequacy of the price our courts have frequently said that mere inadequacy of price[,] standing alone[,] is not a sufficient basis for setting aside a sheriff's sale. However, where a 'gross inadequacy' in the price is established courts have found proper grounds exist to set aside a sheriff's sale. The courts have traditionally looked at each case on its own facts. It is for this reason that the term 'grossly inadequate price' has never been fixed by any court at any given amount or any percentage amount of the sale. Further, it is presumed that the price received at a duly advertised public sale is the highest and best obtainable.

*Bank of America, N.A. v. Est. of Hood*, 47 A.3d 1208, 1211 (Pa. Super. 2012) (internal citations omitted). However, "Pennsylvania courts have

- 9 -

concluded that a sheriff's sale price is grossly inadequate where sale price was a small percentage—roughly ten percent or less—of the established market value." ***Id.*** at 1212. In ***Blue Ball National Bank v. Balmer***, 810 A.2d 164, 166-167 (Pa. Super. 2002), for example, our Supreme Court affirmed the trial court's finding of "no gross inadequacy where the property in question sold for 72% of the appraisal value." ***Id.*** at 1211, *citing* ***Balmer***. Here, the trial court's determination that the properties at issue were sold at sheriff sale for 71% of their fair market value and, thus, garnered the best price obtainable was not an abuse of discretion. For all of the foregoing reasons, Appellants are not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/29/2024