Charles W. STYERS, Sr., Peggy S.
Styers and Eric L. Styers,
Appellants

v.

BEDFORD GRANGE MUTUAL
INSURANCE COMPANY,
Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 9, 2006.

Filed May 23, 2006.

Richard G. Talarico, Pittsburgh, for appellants.

Stephen L. Dugas, Roaring Spring, for appellee.

BEFORE: FORD ELLIOTT, P.J., LALLY–GREEN, and GANTMAN, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellants, Charles W. Styers, Sr. and Peggy S. Styers (husband and wife), and Eric L. Styers, their adult son, appeal from the Order entered by the Court of Common Pleas of Clinton County on July 13, 2005, sustaining preliminary objections filed by Bedford Grange Mutual Insurance Company. We reverse the court's order and remand this case for further proceedings.

¶ 2 Appellants' complaint alleges causes of action for breach of contract, bad faith insurance practices, and unfair trade practices arising out of Bedford Grange's denial of liability coverage for property damage caused by Eric L. Styers. The totality of factual averments contained in the complaint are as follows:

3. On or about December 22, 2001, defendant Bedford Grange Mutual Insurance Company issued a policy for insurance purporting to insure a home and real estate at 362 Long Run Road, Mill Hall, Clinton County, Pennsylvania 17751. Said insurance policy also purported to insure the policy holder against loss resulting from personal liability. A true and correct copy of the insurance policy is attached and marked Exhibit "A."

4. The aforementioned insurance policy provided insurance coverages [sic] for the premise [sic] and policy holder for all times relevant and material hereto.

5. On or about July 17, 2002, plaintiff Eric L. Styers entered and caused damage to the Cedar Run Trout Hatchery, resulting in property damage and release of a large number of fish into a nearby stream.

6. The draining of water from the hatchery raceway or holding area allowed the seepage of water from an adjoining raceway, resulting in the death of some 8800 hatchery fish there.

7. Plaintiff Eric L. Styers became personally liable for the above damages and losses suffered by the Cedar Run Fish Hatchery, in an amount in excess of $36,000.

8. Plaintiffs timely and properly notified defendant of their claim under the aforementioned insurance policy for personal liability coverage, which was insured under the policy issued by defendant.

9. Without properly or adequately investigating plaintiffs' claim and without legal basis, defendant denied plaintiffs' request for coverage under defendant's insurance policy.

10. Plaintiffs have incurred monetary damages, professional fees, attorneys' fees and court costs as a result of defendant's denial of coverage under the insurance policy.

¶ 3 In response to the complaint, Bedford Grange filed preliminary objections challenging venue and demurring to each

cause of action.[1] The demurrers allege that the complaint is devoid of facts giving rise to coverage under the policy at issue.

¶ 4 The policy provides liability coverage as follows:

**Coverage L—Personal Liability—** "We" pay, up to "our" "limit", all sums for which an "insured" is liable by law because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies.

"Occurrence" is defined as "an accident," including repeated exposures to similar conditions, that results in "bodily injury" or "property damage" during the policy period. "Property damage" is further defined as:

a. physical injury or destruction of tangible property; or

b. the loss of use of tangible property whether or not it is physically damaged.

The policy also excludes coverage for "property damage" resulting from an "occurrence," for:

i. "bodily injury" or "property damage":

1) which is expected by, directed by, or intended by an "insured";

2) that is the result of a criminal act of an "insured"; or

3) that is the result of an intentional and malicious act by or at the direction of an "insured".

This exclusion applies even if:

1) the "bodily injury" or "property damage" that occurs is different than what was expected by, directed by, or intended by the "insured"; or

2) the "bodily injury" or "property damage" is suffered by someone other than the person or persons expected by, directed by, or intended by the "insured."

The trial court granted Bedford's preliminary objections holding that the "criminal acts" exclusion applied to the incident for which coverage is sought:

This Court takes judicial notice of *Commonwealth of Pennsylvania v. Eric Lynn Styers,* Clinton County Docket No. 231–02. The record of this case shows that criminal charges were filed against Eric L. Styers, 362 Long Run Road, Mill Hall, Pennsylvania, on July 24, 2002. Mr. Styers was nineteen years old at the time. The charges were filed as a result of damage done to Cedar Run Trout Hatchery, owned and operated by James C. Tomalonis, on July 17–18, 2002. In September 2002, Mr. Styers entered a plea of nolo contendere to one court of Criminal Mischief and one count of Agricultural Vandalism. In his Guilty Plea Statement, dated and signed September 27, 2003, Mr. Styers acknowledged that he committed each element of these crimes. He was sentenced to three months to twenty-three months incarceration and ordered to pay restitution in the amount of $25,650.75. Under the Insurance Policy definitions, Eric L. Styers is the "insured" because

1. Appellants originally filed their complaint in Allegheny County, Pennsylvania. Bedford Grange's preliminary objections, also originally filed in Allegheny County, challenged the venue selected by Appellants, given the complete absence of any relevant contact with Allegheny County by either Appellants, Bedford Grange or the underlying cause of action. By Order dated May 4, 2005, the Court

of Common Pleas of Allegheny County sustained the preliminary objection as to venue, and ordered this action transferred to either Bedford or Clinton County, "to be selected by the Plaintiff." The Order further reserved decision on the balance of Bedford Grange's preliminary objections for the Court of Common Pleas of the county to which the matter was transferred. Docket No. 14.

he was under the age of 21 and living with his parents at the time of the incident. (Bedford Grange Mutual Insurance Company Policy, page 2). Because the property damage was a result of a criminal act which was committed by an "insured," Bedford Grange Mutual Insurance Company is under no obligation to pay the damages. Therefore, Plaintiffs['] Complaint fails to allege any facts that would support a Breach of Contract claim.

The trial court, relying on the "criminal acts" exclusion, also held that because there was no coverage under the policy, the complaint failed to state a cause of action for either Bad Faith Insurance Practices or Unfair Trade Practices. This appeal followed.[2]

¶ 5 Appellants raise four issues:[3]

1. Whether the Judge erred as a matter of law in considering facts outside Appellants' Complaint when ruling on Appellee's preliminary objections in the nature of a demurrer?

2. Whether Plaintiff's Complaint set [sic] forth a prima facie case of Breach of Contract?

3. Whether Plaintiff's Complaint set [sic] forth a prima facie case of Bad Faith Insurance Practices?

4. Whether Plaintiff's Complaint set [sic] forth a prima facie case of a violation of the Unfair Trade Practices Act?

Appellants' Brief at 6.

 ¶ 6 When reviewing a trial court's order sustaining preliminary objections and dismissing a suit, an appellate court's scope of review is plenary. *DeMary v. Latrobe Printing & Pub. Co.*, 762 A.2d 758, 761 (Pa.Super.2000). For purposes of this review, we accept as true all well-pleaded material facts set forth in Appellant's complaint and all reasonable inferences which may be drawn from those facts. *Ellenbogen v. PNC Bank*, 731 A.2d 175, 181 (Pa.Super.1999). We may uphold sustained preliminary objections resulting in the dismissal of an action when a case is clear and free from doubt. *Id.* "To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred." *Id.* Therefore, the question for appellate review is whether, on the facts averred, the law says with certainty that no recovery is possible. *DeMary*, 762 A.2d at 761.

 ¶ 7 As a preliminary matter, we have recognized that the nature of a demurrer is inconsistent with the use of judicial notice where the underlying facts may be in dispute and do not appear in the complaint:

Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary, but should not be used to deprive an adverse party of the opportunity to disprove the fact. When considering preliminary objections in the nature of a demurrer, a court must severely restrict the principle of judicial notice, as the purpose of a demurrer is to challenge the legal basis for the complaint, not its factual truthfulness.

*220 Partnership v. Philadelphia Electric Company*, 437 Pa.Super. 650, 650 A.2d

---

2. On August 19, 2005, the trial court ordered the filing of a concise statement of matters complained of on appeal pursuant to Pa. R.A.P.1925(b) and on September 9, 2005, the trial court filed its 1925(a) "Statement in Support of Order," which references Appellants' 1925(b) statement in detail.

3. Appellants' issues have been reordered for ease of disposition.

1094, 1096 (1994) (citations omitted). In *220 Partnership*, we held that it was error for the trial court to take judicial notice of a federal bankruptcy court's findings to sustain preliminary objections where the existence of a factual dispute concerning ownership of the relevant property was not apparent on the face of the complaint. Reversing the trial court, we held:

> a court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court. The general rule against taking judicial notice when considering preliminary objections in the nature of a demurrer is subject to limited exceptions. It is appropriate for a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action. In the instant action, however, appellant did not admit to any change in its ownership interest in its downtown office building, and appellant's complaint does not detail any facts or issues pleaded before another court or incorporate by reference a prior action. It was error, therefore, for the trial court to dismiss appellant's complaint in response to preliminary objections reciting facts found in a federal action to which appellant had been a party. The defense of collateral estoppel should have been raised in an answer on the merits. Cf. Pa.R.C.P. 1030 (res judicata). Thus, if there be any dispute as to the facts supporting such a defense, they can be raised and adjudicated in an appropriate manner in the litigation.

*Id.* at 1097. Similarly, Appellants' complaint here neither refers to nor incorporates any of the facts or issues resolved in the criminal matter against Eric Styers. These facts, to the extent they are quite relevant, should have been raised in an answer with new matter/affirmative defenses to the complaint pursuant to Pa. R.C.P. 1030. This Court has repeatedly stated that coverage determinations should not depend upon the "use of artful pleadings designed to avoid exclusions in liability insurance policies." *Donegal Mutual Insurance Company v. Richard Baumhammers, et al.*, 2006 PA Super 32, ¶ 28, 893 A.2d 797, *citing with approval, Mutual Benefit Ins. Co. v. Haver*, 555 Pa. 534, 725 A.2d 743 (1999). While such artful pleading may well have occurred here, reliance upon Styers' criminal matter, which was wholly outside the facts alleged in the complaint was in error at this stage of the proceedings.[4]

¶ 8 Appellants contend that the complaint states a prima facie claim for breach of contract, bad faith and unfair trade practices, and that the trial court erred in dismissing the complaint. Because the trial court resolved each of these claims in favor of Bedford Grange Insurance Company by erroneously taking judicial notice of the criminal action against Eric L. Styers, the trial court erred in dismissing the complaint. Thus, we reverse and remand for further proceedings consistent with this opinion.

¶ 9 Order reversed. Remanded for further proceedings. Jurisdiction relinquished.

---

4. We do not decide whether the complaint alleges facts sufficient to give rise to an "occurrence" under the policy nor do we decide the applicability of the "criminal acts" exclusion under the policy as neither issue is before us at this time.