J-A14043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.G.Z., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H.A.K.S. | : | |
| | : | No. 1813 WDA 2018 |

Appeal from the Order Dated November 28, 2018
in the Court of Common Pleas of Mercer County
Civil Division at No(s):  2017-00442

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 30, 2019**

A.G.Z. ("Mother") appeals from the Order sustaining the Preliminary Objections filed by H.A.K.S. ("Father"), and dismissing Mother's Complaint in Civil Action regarding child support.  We affirm.

Mother and Father are the parents of one minor daughter.  Mother and Father never married.  In January 2008, the parties entered into a "Custody Consent Stipulation and Agreement" (the "2008 Agreement"), in which the parties agreed, *inter alia*, that Father would make monthly child support payments to Mother.

In January 2009, Father filed a Petition, at Mercer County Court of Common Pleas docket number 2009-870 ("2009-870"), seeking a modification of the amount of child support to which the parties agreed in the 2008 Agreement.  Prior to a hearing on Father's Petition, the parties entered into a

new agreement (the "2009 Agreement"), which modified the child support terms of the 2008 Agreement.

In June 2016, Father filed a Petition to modify the amount of child support set forth in the 2009 Agreement. After a support conference, the conference officer decreased the amount of child support for which Father was responsible. Following a *de novo* hearing, the trial court entered an Order, adopting the conference officer's findings and support amount. Mother appealed the trial court's Order, arguing, *inter alia*, that the 2009 Agreement was a non-modifiable contract. On appeal, this Court affirmed the trial court's Order, and held that the trial court did not err in modifying the child support set forth in the 2009 Agreement. ***See A.G.Z. v. H.A.K.S.***, 188 A.3d 528 (Pa. Super. 2018).

Mother subsequently filed a Complaint at the instant docket number, seeking to enforce the amount of child support set forth in the 2009 Agreement. Father filed Preliminary Objections in the nature of a demurrer, arguing that he was not responsible for the amount of child support set forth in the 2009 Agreement, because it had been modified by the trial court at 2009-870, and that this Court upheld the trial court's modification of the 2009 Agreement. ***See id.*** Following argument, the trial court sustained Father's Preliminary Objections. Mother filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Mother raises the following claims for our review:

1.  Whether the trial court erred in sustaining Father's Preliminary Objections when it failed to consider all facts stated in the Complaint to be true[,] and instead made factual determinations regarding the intention and purpose of the [2009 Agreement,] and in finding that the [2009 A]greement is not a contract[?]

2.  Whether the trial court erred in finding that Mother's [C]omplaint for breach of contract was legally insufficient when it found that no contract existed between the parties and that the [2009 Agreement] was "simply an agreement reduced to a court order[?]"

3.  Whether the trial court erred in finding Mother's claims of breach of contract, fraud, and specific performance to be legally insufficient when it applied the provisions of the [D]omestic [R]elations [C]ode to claims filed in equity[?]

Brief for Appellant at 4 (issues reordered).

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law.  When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint.  When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom.  Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.  If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***P.J.A. v. H.C.N.***, 156 A.3d 284, 287 (Pa. Super. 2017).

In her first claim, Mother alleges that the trial court failed to accept as true all material facts set forth in her Complaint.  ***See*** Brief for Appellant at 17-19.   Mother argues that she properly pled all of the elements required to

- 3 -

prove a breach of contract, and that the trial court improperly relied on information outside of the Complaint, *i.e.*, the modification proceedings at 2009-870, in order to sustain Father's Preliminary Objections. *Id.* at 18.

"[A] court may not ordinarily take judicial notice in one case of the records of another case…." ***Styers v. Bedford Grange Mut. Ins. Co.***, 900 A.2d 895, 899 (Pa. Super. 2006). However, "[i]t is appropriate for a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action." ***Id.***

Here, Mother's Complaint referenced the proceedings at 2009-870, and acknowledged that Father had previously sought a modification to the 2009 Agreement. ***See*** Complaint, 4/27/18, at ¶¶ 6-12. The trial court determined that the 2009 Agreement's terms regarding child support had been modified at 2009-870. ***See*** Trial Court Opinion, 2/20/19, at 4-5 (pages unnumbered). Accordingly, the trial court did not err in referencing the trial court's modification of the 2009 Agreement at 2009-870 to sustain Father's Preliminary Objections. ***See Styers***, *supra*.

We will address Mother's second and third claims together, as they both challenge the trial court's finding that the 2009 Agreement was not enforceable. ***See*** Brief for Appellant at 8-17. In her second claim, Mother argues that the 2009 Agreement meets all the requirements of an enforceable contract, and the parties intended for the 2009 Agreement to be a non-modifiable settlement on the matter of child support. ***Id.*** at 8-13. Mother

claims that, as a private agreement for support, the 2009 Agreement cannot be modified by the court. *Id.* at 13-17. According to Mother, the 2009 Agreement may exist simultaneously with, and be enforced separately from, any court-determined child support order. *Id.*

In her third claim, Mother alleges that the trial court erred by applying Section 3105 of the Domestic Relations Code to the child support terms of the 2009 Agreement. *See* Brief for Appellant at 19-21. Mother argues that Section 3105 does not apply to agreements between non-married parties, and that because she and Father never married, Section 3105 does not apply to the 2009 Agreement. *Id.*

Section 3105 states, in relevant part, as follows:

**§ 3105. Effect of agreement between parties**

> **(a) Enforcement.--**A party to an agreement regarding matters within the jurisdiction of the court under this part … may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.
>
> **(b) Certain provisions subject to modification.--**A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.

23 Pa.C.S.A. § 3105(a), (b).

Subsection 3105(a) allows parties to state in an agreement that certain agreement terms are not modifiable by a court. *Id.* § 3105(a). However, subsection 3105(b) limits the application of subsection 3105(a) by making

terms regarding child support, visitation and custody modifiable, regardless of the terms of the agreement. *Id.* § 3105(b); *see also Com. ex rel. Simpson v. Simpson*, 430 A.2d 323, 327 (Pa. Super. 1981) (stating that "[p]arties are free to enter into agreements regarding the payment of support and, when such agreements are entered into freely, the parties may be bound thereby. Axiomatically, however, even a valid agreement of the parties is ineffective to oust the jurisdiction of the court." (quotation marks and citation omitted)). Additionally, subsection 3105(b) applies regardless of whether the parties to the agreement were ever married. *See Boullianne v. Russo*, 819 A.2d 577, 580 (Pa. Super. 2003) (holding that father would be entitled to a reduction in child support owed based on a change in circumstances, despite the fact that the parties were never married, and that the parties agreed to a set amount of child support in an out-of-court agreement).

Here, the trial court modified the term regarding child support in the 2009 Agreement. Thus, the trial court properly exercised its authority pursuant to 23 Pa.C.S.A. § 3105(b). *See Simpson*, *supra*; *Boullianne*, *supra*. Accordingly, we affirm the trial court's Order sustaining Father's Preliminary Objections.

Order affirmed.

Judge Ott joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/30/2019</u>