J-A08035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| KEVIN H. WRIGHT, ESQUIRE | : : : | No. 42 EDA 2019 |

Appeal from the Order Entered November 30, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  03173 Aug. Term 2018

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　　　　　**FILED MAY 12, 2020**

Appellant, Philadelphia Contributionship Insurance Company (PCIC), appeals from the order of the Philadelphia County Court of Common Pleas sustaining the objections in the form of demurrer to its complaint bringing a claim under the Dragonetti Act. [1]  We affirm.

We must begin with a description of the prior litigation that led to the current dispute.  Most Dragonetti Act cases have one layer of underlying litigation, but this one has two such layers.  This Court has previously summarized the facts of the initial litigation as follows:

---

[1] 42 Pa.C.S. §§ 8351-8354 is also known as the Dragonetti Act.

> In July 2015, [Margaret Kiely, acting as attorney-in-fact] negotiated an oral employment contract for home aid services on behalf of [Christine] Feinstein with Nydia Parkin. Upon agreeing to terms, Parkin commenced employment. In February 2016, however, Feinstein allegedly attacked Parkin, causing injuries. Thereafter, [Kiely] terminated Parkin's employment.
>
> In May 2016, Parkin . . . filed a complaint in five counts: asserting Assault and Battery, Intentional Infliction of Emotional Distress (IIED), Breach of Contract, False Imprisonment, and Punitive Damages. **See** Complaint, 12/30/16, Exh. C (**Parkin v. Feinstein**, Montg. Cty. Ct. of Common Pleas, Dkt. No. 2016-10061, 5/19/16).

**Kiely on Behalf of Feinstein v. Philadelphia Contributionship Ins. Co.**, 206 A.3d 1140, 1142 (Pa. Super. 2019).

Kiely sued PCIC, Feinstein's homeowner and umbrella insurer, for failing to defend Feinstein in Parkin's suit. Nonsuit was entered in favor of PCIC and this Court affirmed on March 26, 2019, holding that Feinstein's documented mental health issues did not render the attack accidental rather than intentional, and thus that PCIC was justified in refusing to defend Feinstein. *Id.* This declaratory judgment action (and not the tort action that preceded it) is the underlying action for purposes of this matter. It is the declaratory judgment action that PCIC argues was a wrongful use of civil proceedings. Attorney Wright's firm represented Kiely in the declaratory judgment action that followed the tort action brought by Parkin, Feinstein's home health aide (Attorney Wright is Appellee in this matter).

Meanwhile, PCIC brought two Dragonetti actions in Philadelphia's Court of Common Pleas. The first (the DiPasquale Action), brought by PCIC and Laurie DiPasquale, a PCIC claims adjuster, for wrongful use of civil proceedings

under 42 Pa.C.S. § 8351 *et seq*. and false light under the Restatement (Second) of Torts § 652E, was dismissed on preliminary objections on October 3, 2018. The Honorable Frederica Massiah-Jackson in 1706000645 filed a memorandum explaining why preliminary objections to the claims brought by PCIC and Laurie DiPasquale, a PCIC claims adjuster, for wrongful use of civil proceedings under 42 Pa.C.S. § 8351 *et seq*. and false light under the Restatement (Second) of Torts § 652E, were sustained. Judge Massiah-Jackson concluded that Attorney Wright is entitled to absolute immunity for communications, including pleadings, issued in the regular course of judicial proceedings.[2] Tr. Ct. Op. of 1706000645, 10/3/18, at 2. The judge also concluded that the Dragonetti Act claim was unsupportable. *Id.* at 6-11. PCIC appealed, and this Court recently affirmed Judge Massiah-Jackson's judgment, at 3111 EDA 2018.

PCIC's second Dragonetti Act case was assigned to the Honorable Linda Carpenter, who likewise sustained preliminary objections on November 29, 2018, citing Judge Massiah-Jackson's ruling in the DiPasquale Action. This action involves a single claim under the Dragonetti Act against Attorney Wright.

Judge Carpenter's order sustaining preliminary objections points out that the parties in this action are also parties in the DiPasquale Action, which

---

[2] PCIC did not plead False Light in this matter, confining the claim to the Dragonetti Act.

also involves a Dragonetti Act claim. Tr. Ct. Order, 11/29/18, n. 1. She rested on the reasoning of Judge Massiah-Jackson's opinion in sustaining preliminary objections. PCIC filed a notice of appeal on December 18, 2018, and the docket does not reflect that Judge Carpenter filed an order pursuant to Pa.R.A.P. 1925(b).

> PCIC raises the following issues:
>
> The lower court erred because it failed to consider all the material facts set forth in the complaint as true, refusing to give all inferences reasonably deducible therefrom, in direct violation of the law.
>
> The lower court erred because it used its own personal experiences in sustaining the preliminary objections.
>
> This Honorable Court denied [Attorney Wright's] appeal of the [u]nderlying [b]ad [f]aith trial verdict and confirmed that the case had no merit.

PCIC's Brief at i.

Attorney Wright argues that PCIC's complaint does not allege facts sufficient to make out a Dragonetti Act claim, and that although his client did not prevail in the failure to defend action, that does not render the action without probable cause.

We first analyze whether Judge Carpenter was justified in her reliance on Judge Massiah-Jackson's determination in the DiPasquale Action.

In sustaining preliminary objections, Judge Carpenter reasoned that the coordinate jurisdiction rule bound her to Judge Massiah-Jackson's ruling. Under the coordinate jurisdiction rule, "judges of coordinate jurisdiction should

not overrule each other's decisions." ***Zane v. Friends Hosp.***, 836 A.2d 25, 29 (Pa.2003). The rule "falls within the ambit of the 'law of the case doctrine.'" ***Riccio v. American Republic Ins. Co.***, 683 A.2d 1226, 1230 (Pa. Super.1996) (***citing Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa.1995)). Per ***Starr***, law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." ***Id.*** at 1331.

We find Judge Carpenter's application of the coordinate jurisdiction rule to be appropriate, given that the sole claim – a Dragonetti Act count arising from the declaratory judgment litigation brought by Attorney Wright – was also at issue in the DiPasquale Action, and both parties to the litigation (PCIC and Attorney Wright) were also parties in the DiPasquale Action. This application of the coordinate jurisdiction rule is straightforward.

Next we turn to PCIC's arguments that the trial court failed to apply the proper standard and went beyond the four corners of the complaint in evaluating preliminary objections. In order to bring a Dragonetti claim, the claimant must plead facts sufficient to establish, if true, that there was no probable cause for the underlying action or that it was brought in a grossly negligent manner. ***See*** 42 Pa.C.S. § 8351(a).

"In considering a demurrer, reviewing courts accept all well-pleaded material averments and all inferences fairly deducible from them, but they

- 5 -

need not accept any of the complaint's conclusions of law or argumentative allegations." ***Hudson v. Pennsylvania Bd. of Prob. & Parole***, 204 A.3d 392, 395 (Pa. 2019). "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." ***Clausi v. Stuck***, 74 A.3d 242, 246 (Pa. Super. 2013) (quotation omitted).

As stated above, while trial courts must accept all well-pleaded material averments in the complaint and all inferences fairly deducible from them, they need not accept conclusions of law or argumentative allegations. The complaint in this case makes many conclusory allegations about Attorney Wright's behavior and state of mind in the declaratory judgment action. The complaint hinges upon a characterization of the declaratory judgment action as lacking a good faith basis.

While it is generally true that trial courts may not take judicial notice in one case of records of another case, ***see Kelly v. Kelly***, 887 A.2d 788 (Pa. Super. 2005), Dragonetti claims must be a limited exception. This is because the elements of a Dragonetti claim include that "the proceedings have terminated in favor of the person against whom they are brought." 42 Pa.C.S. § 8351(a)(2). This Court has taken notice of its own rulings when those proceedings subsequently form the basis of a Dragonetti action. ***See, e.g., Hvizdak v. Linn***, 190 A.3d 1213 (Pa. Super. 2018) (affirming grant of preliminary objection to Dragonetti claim; "We further note that our [earlier] memorandum in [appellee's] appeal does not state or suggest that [the]

appeal was frivolous or in bad faith."), ***rearg. denied*** (Aug. 21, 2018), ***appeal denied***, 204 A.3d 364 (Pa. 2019).

*Hvizdak* described two exceptions to the general rule against judicial notice at the demurrer stage:

> Ordinarily, when reviewing an order sustaining a demurrer to a complaint, we cannot take judicial notice of records from other cases. ***Styers v. Bedford Grange Mut. Ins. Co.***, 900 A.2d 895, 899 (Pa. Super. 2006). However, there are exceptions to this rule. First, we can take judicial notice of other proceedings involving the same parties. ***Estate of Schulz***, 392 Pa. 117, 139 A.2d 560, 563 (1958). The two prior decisions involve the same parties and therefore are subject to judicial notice. Second, "[i]t is appropriate for a court to take notice of a fact . . . which is incorporated into the complaint by reference to a prior court action." ***Styers***, 900 A.2d at 899 . . . . Since virtually every paragraph in Husband's third amended complaint concerns the divorce litigation, he has effectively incorporated the entire divorce proceeding, and our decisions therein, into his third amended complaint.

*Hvizdak*, 190 A.3d at 1218 n. 1.

Both exceptions noted in *Hvizdak* apply here. Thus, Judge Massiah-Jackson did not err in referring to the declaratory judgment action that PCIC also makes reference to in the complaint, and PCIC's argument to the contrary is inapposite.[3]

_____

[3] PCIC also argues that Judge Massiah-Jackson improperly referred to "personal experiences" in sustaining preliminary objections. PCIC's Brief at 11. PCIC cites a single paragraph at the end of an 11-page opinion, commenting on the significant legal fees PCIC claims to have expended in the declaratory judgment action. The language to which PCIC refers is either knowledge of the legal system that is so bound up with the role of judging that it would be impossible and inadvisable to ask judges to set it aside (*i.e.*, the knowledge that sometimes individuals are named in suits that are against entities rather than the named individual as a person) or mere *dicta*. Because

The **Hvizdak** Court noted that "our . . . memorandum in [the underlying litigation] does not state or suggest that [a]ppellees' appeal was frivolous or in bad faith." **Hvizdak**, 190 A.3d at 1230. The same is true here; this Court's opinion in the declaratory judgment appeal, while resolving the case in favor of PCIC, did not indicate any bad faith on the part of the appellants in that matter (represented by Attorney Wright's firm). It noted that both parties filed for summary judgment, which was denied, and that the matter then proceeded to a jury trial. **Kiely**, 206 A.3d at 1144. The Court's extensive discussion of the insurance coverage issue was not ornamental, but was necessitated by Ms. Feinstein's genuine, albeit unprevailing, argument that her mental impairment was such that she was not capable of intentional action at the time of the assault.

Finally, we address PCIC's third claim, wherein it argues that "if this very Court has determined that PCIC, the insurance carrier in the underlying case had no duty under the policy to cover Feinstein, [PCIC] has clearly [] met the *prima facie* elements of the Dragonetti Act . . . and the Complaint should be reinstated as a matter of law." PCIC's Brief at 12.

When a Pennsylvania court does not find in favor of a claimant, that does not render the claim so suspect that a Dragonetti action should follow. Section 8352 specifies that an attorney bringing a civil proceeding has probable cause if they reasonably believe the underlying facts, and either

---

Judge Massiah-Jackson's reasoning stands even if the language to which PCIC objects were set aside, no further analysis is warranted.

reasonably believe that under those facts the claim may be valid under the existing or developing law, or believe in good faith that pressing the claim is not intended to merely harass or maliciously injure the opposite party. 42 Pa.C.S. § 8352. "Absence of probable cause is an indispensable element of a Dragonetti claim." ***Keystone Freight Corp. v. Stricker***, 31 A.3d 967, 972 (Pa. Super. 2011).

This argument, if accepted, could have a substantial and pernicious chilling effect on many types of litigation. Perhaps most seriously, it has the potential to deter civil rights litigation brought on behalf of disenfranchised people seeking justice. Such work can be arduous and often confronts long odds, but nothing about it is frivolous. Repugnant to this Court as a matter of policy, this argument fails as a matter of law.

Judgment affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2020