J-S07018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| ANDREW M. PEIFER, JR., AND MARIA BOGDANOVA-PEIFER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| | : | No. 1187 MDA 2024 |
| ELIZABETH E. PEIFER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE ALAN M. PEIFER | : | |

Appeal from the Order Entered August 5, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
23-12137

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 09, 2025**

Andrew M. Peifer, Jr., and Maria Bagdanova-Peifer appeal from the order sustaining the preliminary objections in the nature of a demurrer filed by Elizabeth E. Peifer, Individually and as Executrix of the Estate of Alan M. Peifer. Andrew and Maria argue they set forth sufficient allegations to allege a wrongful use of civil proceedings claim. We affirm.

In August 2023, Andrew and Maria filed a Complaint in Berks County alleging a claim for wrongful use of civil proceedings against Elizabeth ("Dragonetti[1] Complaint"). **See** 42 Pa.C.S.A. § 8351. Andrew and Maria alleged that in June 2016, Andrew and his brother Alan Peifer signed a Partnership Dissolution Agreement concerning a farming partnership called

_____

[1] 42 Pa.C.S.A. §§ 8351-8354.

"Peifer Brothers." Complaint at ¶ 5. They alleged that the Dissolution Agreement contained a clause requiring Alan to furnish Andrew all the partnership's tax returns and other financial documents. *Id.* Alan died in December 2016. *Id.* at ¶ 6. Andrew and Maria alleged that until Alan's death, Elizabeth was the bookkeeper for the partnership, but Andrew terminated her employment and directed her to transfer all books and records to him. *Id.* at ¶ 7. They maintain Elizabeth "unjustifiably refused to transfer the books and records of the [p]artnership to Andrew . . . and, with intent to commit fraud, she filed a U.S. income tax return for the partnership without Andrew's consent and by fraudulently using a power of attorney that was executed by Andrew in the year 2013 and which [Elizabeth] knew was no longer valid." *Id.* at ¶ 9. After Elizabeth transferred the books, Andrew allegedly "discovered massive amounts of fraud and misappropriation," which had been described in an Amended Complaint in a different case – Docket No. 2017-21613 ("Partnership Litigation"). *Id.* at ¶ 10. Andrew and Maria aver that Andrew authorized the filing of an amended partnership tax return. *Id.* at ¶ 12.

Elizabeth commenced an action against Andrew and Maria in November 2017, docketed at No. 2017-20221 ("Underlying Action"). *Id.* at ¶ 11. According to Andrew and Maria's Dragonetti Complaint, Elizabeth alleged in the Underlying Action that Andrew had breached the Partnership Agreement by filing the amended tax return and accepting an improper share of the tax benefits. Elizabeth further claimed that Andrew and Maria had contacted Elizabeth's clients to convince them to cease their contractual relationship with

her, and had made false, defamatory statements to her clients. *Id.* at ¶¶ 13-17. Following preliminary objections, Elizabeth allegedly filed an Amended Complaint in the Underlying Action asserting only that Andrew had breached the Partnership Agreement. *Id.* at ¶ 20. Allegedly, according to Andrew and Maria, Elizabeth made no attempt to properly adjudicate the Underlying Action from September 2018 to August 2021, when she filed a praecipe to discontinue allegedly "to avoid an impending motion for summary judgment or for judgment *non pros*." *Id.* at ¶ 22. Andrew and Maria also allege that

> Based on the foregoing averments in their entirety, [Elizabeth] procured, initiated, or continued the Underlying Action for the purpose of harassment and to further the concealment of fraud and misappropriation in connection with the Partnership as further described in the Amended Complaint of June 8, 2022, filed [in the Partnership Litigation].

*Id.* at ¶ 23.

Andrew and Maria assert that the Underlying Action caused them $10,000 in legal fees, $22.00 in costs, and $20,000 in expert witness expenses. *Id.* at ¶ 24. They also claim punitive damages. *Id.* at ¶ 25.

In the Dragonetti Complaint, Andrew and Maria set forth a wrongful use of civil proceedings claim, stating:

> 27. Based on the foregoing, [Elizabeth] procured, initiated, or continued a civil proceeding against [Andrew and Maria] in a grossly negligent manner or without probable cause, and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings were based.
>
> 28. The Underlying Action terminated in favor of [Andrew and Maria].

- 3 -

*Id.* at ¶¶ 27-28.

Elizabeth filed preliminary objections demurring to the Dragonetti Complaint. She pointed out that in the Partnership Litigation, Andrew and Maria had raised claims of allegedly fraudulent and improper bookkeeping practices and claims related to the 2016 tax returns. Elizabeth contended that such claims were also the subject of the Underlying Action. Preliminary Objections at ¶¶ 14-15. Elizabeth alleged in the preliminary objections that because the issues raised in the Underlying Action were duplicative of the Partnership Litigation, she voluntarily discontinued the Underlying Action. *Id.* at ¶ 18. She maintained that her voluntary dismissal did not constitute a termination in favor of Andrew and Maria because it was not tantamount to abandonment of the claim in bad faith. *Id.* at ¶ 31. Elizabeth maintained that because Andrew and Maria referred to and incorporated the Partnership Litigation into the Dragonetti Complaint, the trial court could take judicial notice of the Partnership Litigation proceedings. *Id.* at ¶ 35. Elizabeth also argued demurrer was proper because the Dragonetti Complaint's averments, even if true, did not indicate a lack of probable cause to support the Underlying Action. *Id.* at ¶ 50.

Following argument, the trial court sustained the preliminary objections and dismissed the Complaint with prejudice. Order, dated Aug. 2, 2024. Andrew and Maria filed a timely notice of appeal.

Andrew and Maria raise the following issues:

I. Did the Berks County Court of Common Pleas commit reversible error by sustaining the preliminary objections and dismissing the Complaint with prejudice?

II. In the alternative, did the Berks County Court of Common Pleas commit reversible error by sustaining the preliminary objections "with prejudice" and thereby refusing an opportunity to amend the Complaint?

Appellants' Br. at 2.

In their first issue, Andrew and Maria allege the trial court effected an improper "speaking demurrer." They fault the trial court for stating they provided no evidence that the Underlying Action had been terminated in their favor, because they were not required to set forth their evidence in their Complaint or anticipate a defense. They further maintain that, although the Complaint has exhibits and references documents, there is no "evidence" to consider at the preliminary objection phase. Rather, the court should consider only averments, which it should treat as true. Andrew and Maria contend that the trial court improperly took judicial notice of the Partnership Litigation to contest the truth of the facts alleged in the Dragonetti Complaint.

Andrew and Maria further contend that even if the court could consider the documents in the Partnership Litigation, demurrer was not proper. They argue that Elizabeth did not counterclaim in the Partnership Litigation, and did not withdraw the Underlying Litigation seeking to recover in the Partnership Litigation. They further maintain that Elizabeth's claim the Partnership Litigation contemplated the same issues as the Underlying Action was "an unfounded narrative to begin with and vexatious." *Id.* at 18.

Andrew and Maria additionally maintain it is inappropriate to resolve states of mind issues against the non-moving party at the preliminary objection phase, as state of mind is a jury question. They point out that the Dragonetti Complaint alleges Elizabeth "falsely" made statements in her complaint in the Underlying Action and that she acted willfully or wantonly or with a reckless indifference. They maintain such allegations may be averred generally, and that states of mind are not legal conclusions, but rather are averments that are admitted as true.

Andrew and Maria also allege the Underlying Action was terminated in their favor. They note that the Dragonetti Complaint alleges that Elizabeth filed a praecipe to discontinue the Underlying Action to avoid an impending motion for summary judgment or for judgment *non pros*. They further claim that there is no requirement that an imminent adverse action is required at the time of a discontinuance for it to constitute a favorable termination.

Andrew and Maria further maintain that the Dragonetti Action is ripe. They maintain their Dragonetti Complaint referenced the Partnership Litigation "to give factual matter that [Elizabeth] had filed the Underlying Action preemptively after she turned over the books and records of the Partnership, knowing that she was going to be found out." *Id.* at 23. They argue the claim became ripe when Elizabeth filed her praecipe to discontinue the Underlying Action.

In reviewing an order sustaining preliminary objections, we must "determine whether the trial court committed an error of law." ***Feingold v.***

*Hendrzak*, 15 A.3d 937, 941 (Pa.Super. 2011) (citation omitted). "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." *Id.* (citation omitted). We must accept as true "all material facts set forth in the challenged pleadings [and] all inferences reasonably deducible therefrom." *Id.* (citation omitted). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Id.* (citation omitted).

The Dragonetti Act provides as follows:

> **§ 8351. Wrongful use of civil proceedings**
>
> **(a) Elements of action.--**A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
>> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>>
>> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a). In other words, a plaintiff asserting wrongful use of civil proceedings must allege three elements: "1) the underlying proceedings were terminated in their favor; 2) defendants caused those proceedings to be instituted against plaintiffs without probable cause [or in a grossly negligent manner]; and 3) the proceedings were instituted primarily for an improper

[purpose]." ***Sabella v. Estate of Milides***, 992 A.2d 180, 188 (Pa.Super. 2010).

This Court has "recognized that the nature of a demurrer is inconsistent with the use of judicial notice where the underlying facts may be in dispute and do not appear in the complaint[.]" ***Styers v. Bedford Grange Mut. Ins. Co.***, 900 A.2d 895, 898 (Pa.Super. 2006). We reasoned that "[w]hen considering preliminary objections in the nature of a demurrer, a court must severely restrict the principle of judicial notice, as the purpose of a demurrer is to challenge the legal basis for the complaint, not its factual truthfulness." ***Id.*** (quoting ***220 Partnership v. Phila. Elec. Co.***, 650 A.2d 1094, 1096 (Pa.Super. 1994)). However, "[t]he general rule against taking judicial notice when considering preliminary objections in the nature of a demurrer is subject to limited exceptions," including that a court may "take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action." ***Id.*** (citation omitted).

"[W]hen considering the question of favorable termination in a [Dragonetti Act] case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case . . . initially depends on the circumstances under which the proceedings are withdrawn." ***Brown v. Halpern***, 202 A.3d 687, 700 (Pa.Super. 2019) (quoting ***Clausi v. Stuck***, 74 A.3d 242, 246 (Pa.Super. 2013)) (alteration in original). Where a plaintiff requested permission to withdraw an action on the day of trial, and the circumstances "tend[ed] to establish neither clients nor attorneys were

- 8 -

attempting to properly adjudicate the claim," we found that a "last-second dismissal in the face of imminent defeat" constituted a final determination in favor of the person against whom the proceeding was brought. ***Bannar v. Miller***, 701 A.2d 242, 248 (Pa.Super. 1997).

Here, in the Dragonetti Complaint, Andrew and Maria incorporated by reference the Amended Complaint filed in the Partnership Litigation. They noted that Elizabeth's alleged "fraud and misappropriation in connection with the Partnership [was] described in the Amended Complaint" filed in the Partnership Litigation. Complaint at ¶¶ 23; ***see also*** Complaint at ¶ 10 (claiming that after Elizabeth transferred the books, "Andrew discovered massive amounts of fraud and misappropriation in the Partnership as more fully described in the Amended Complaint of June 8, 2022, [at the Partnership Litigation]," and incorporating it by reference). Accordingly, it was not error for the trial court to take judicial notice of the documents in the Partnership Litigation.

The trial court concluded that the underlying action did not terminate in Andrew and Maria's favor. It pointed out that although in the Dragonetti Complaint, they alleged Elizabeth discontinued the underlying action to avoid an "impending" summary judgment motion or motion for judgment for *non pros*, they did not aver that they had initiated or presented to Elizabeth any such motion. Trial Ct. Op., filed Oct. 3, 2024, at 10. The court noted Andrew and Maria initiated the Partnership Litigation, which included claims related to the Partnership Agreement and the 2016 tax returns, and that such issues

had been raised in the Underlying Action. Preliminary Objections, filed Aug. 29, 2023, at Exh. C, at ¶¶ 114-22. The court concluded:

> With multiple actions addressing essentially the same pith of issues, [Elizabeth] chose to discontinue her separate Underlying Action against [Andrew and Maria] and move forward in the Related Action. We hardly see how this can be seen as a termination in favor of [Andrew and Maria].

Trial Ct. Op. at 10.

We agree with the trial court and conclude that, under the facts as averred here, where there were two actions addressing the same subject matter and no allegation that Andrew and Maria filed or presented to Elizabeth any motion in the Underlying Action, it cannot be said that a voluntary dismissal of the Underlying Action was a termination in favor of the other party.

Because we agree with the trial court that the Dragonetti Compliant did not aver sufficient facts to support that the Underlying Action was terminated in Andrew and Maria's favor, we need not discuss whether the Complaint set forth sufficient facts to support the remaining elements of a wrongful use of civil proceeding claim.

In her second issue, Andrew and Maria allege that, in the alternative, they should have been granted an opportunity to amend the Complaint. They maintain "[t]here's no basis to suggest futility by further amendment." Appellants' Br. at 25.

If "it is apparent that a pleading can be cured by amendment," than a trial court "may not sustain a demurrer that would put an end to a controversy

without giving the pleader an opportunity to file an amended complaint, if there exists a reasonable possibility that a cause of action may be sustained." *Del Turco v. Peoples Home Sav. Ass'n*, 478 A.2d 456, 464 (Pa.Super. 1984).

Here, there is not a reasonable possibility that a Dragonetti action could be sustained, even if Andrew and Maria amended the Complaint. Accordingly, the court did not err in dismissing the action with prejudice.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/09/2025

- 11 -